People v Monk (2026 NY Slip Op 50300(U))

[*1]

People v Monk

2026 NY Slip Op 50300(U) [88 Misc 3d 1232(A)]

Decided on February 13, 2026

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 13, 2026
County Court, Tompkins County

People of the State of
New York

againstJovon Monk, Defendant.

Ind. No. 70043-20

Veronica Fox, Esq., Deputy District Attorney 
Andrew Bonavia, Esq., Deputy District AttorneyThomas Shannan, Esq.,
for DefendantJerome Mayersak, Esq., for Defendant

Scott A. Miller, J.

On October 17, 2025, the defendant was found guilty of Rape in the First Degree, Criminal
Sexual Act in the First Degree, and Sexual Abuse in the First Degree. Defendant moves pursuant
to CPL § 330.30(2) to set aside the jury's verdict on the ground of alleged juror misconduct
arising from the jury's use of VLC Media Player during deliberations in connection with People's
Exhibit 2, a one minute and fifty second audio/video recording that was admitted into evidence at
trial.
By Decision & Order dated January 9, 2026, this Court denied defendant's motion
insofar as it challenged the Court's response to a jury note and granted the motion solely to the
limited extent of conducting a narrowly circumscribed inspection of the technology utilized by
the jury. The Court expressly confined the inquiry to inspection of the laptop provided to the
jury, the VLC Media Player software installed thereon, and the exhibit file itself. No jurors were
called, and no inquiry into deliberative processes was undertaken.
On February 10, 2026, the Court conducted that inspection in the presence of counsel and the
defendant.Findings of FactThe Court
finds:
1. The jury laptop had no internet access.2. The jury
received the exhibit together with VLC Media Player upon consent of both
parties.3. VLC Media Player is a playback application. It does not
alter or edit a digital file.4. The "Audio Effects" interface contains
frequency-based equalizer controls. These [*2]controls adjust
playback frequencies and amplification in real time only; they do not insert, remove, or embed
content into the file.The Court, familiar with the exhibit from repeated
playbacks during trial, personally replicated playback using the same software. By modestly
adjusting the pre-amplification and frequency sliders, the Court was able to make the victim's
voice slightly more audible and reduce the relative prominence of background music. The
recording itself remained unchanged. The exhibit inspected by the Court is identical in substance
to the exhibit admitted at trial.

The Motion Is Procedurally Defective
CPL 330.40(2)(a) requires "sworn allegations of fact" supporting a motion under CPL
330.30(2). The defendant's motion rests entirely upon hearsay affirmations of counsel and an
investigator. No juror affidavit has been submitted. The Third Department has held that,
"'[h]earsay allegations are insufficient to support a claim of juror misconduct [internal citations
omitted].'" People v. Kenyon, 108
AD3d 933, 941 (3rd Dept. 2013). Likewise, a motion supported only by attorney affirmation
referencing conversations with unnamed jurors is insufficient to warrant a hearing. People v.
Hill, 225 AD2d 902, 902-903 (3rd Dept. 1996). 
The Court of Appeals has cautioned that, "As a matter of public policy, efforts to undermine
a jury's verdict by systemically questioning the individual jurors long after they have been
dismissed in hopes of discovering some form of misconduct should not be encouraged."
People v. Friedgood, 58 NY2d 467, 473 (1983). Defendant's reliance, in an effort to
excuse the hearsay procedural issue, upon People v. Nicholson, 222 AD2d 1055 (4th
Dept. 1995), is misplaced. Nicholson involved a claim of newly discovered evidence
under CPL 330.30(3) alleging that a third party confessed to the homicide for which the
defendant had been convicted, i.e., circumstances raising "strong questions of actual innocence."
The present motion alleges only that a juror adjusted playback equalizer settings while listening
to an admitted exhibit. The extraordinary factual posture of Nicholson bears no
resemblance to the allegations here. The narrow exception discussed there does not apply. The
motion is therefore procedurally insufficient.

No Evidence that Juror Misconduct Occurred
Even overlooking the hearsay defect, the allegations fail to establish misconduct within the
meaning of CPL § 330.30(2). The Court's inspection confirms that the digital file was not
(and could not be) altered. In People v.
Ashe, 208 AD3d 1500 (3rd Dept. 2022), the Third Department approved a jury's use of a
zoom feature to enlarge surveillance video during deliberations, so long as the evidence was not
altered and the tool was not used for an improper purpose. The equalizer controls here are the
audio equivalent of the zoom feature in Ashe. They permit closer scrutiny of admitted
evidence; they do not create new evidence. The use of these standard playback tools to enhance
audibility of an admitted exhibit does not transform that exhibit into new evidence; it allows the
jury to more clearly perceive what is already before it. Adjusting frequency levels is analogous to
increasing speaker volume, using headphones, adjusting brightness, or enlarging an image.
Enhanced clarity is not alteration.
The record further reflects that both parties expressly consented to the jury receiving the
exhibit together with VLC Media Player. No limitation was placed upon the jury's use of the
software's ordinary playback functionality. The jury utilized only the tools provided to it with the
parties' consent. This fact alone independently supports denial of the motion.

 Lack of Prejudice
Even assuming arguendo some technical irregularity (which this Court does not find),
defendant has failed to demonstrate that any substantial right was affected. People's Exhibit 2
was but one component of a broader evidentiary record, which included the victim's testimony
and admissions of the defendant. No showing has been made that any playback adjustment
altered the exhibit's content or influenced the verdict in a legally cognizable manner.
The Defendant has failed to come forward with sworn, non-hearsay allegations of juror
misconduct within the meaning of CPL § 330.30(2). The Court finds that there was no
possibility that the exhibit was altered by the VLC Media Player. At most, the jury may have
permissibly utilized the audio player's equalizer features merely to improve or amplify the
audibility of the victim's voice, and as such there is no demonstration that a "substantial right" of
the defendant has been affected. There is simply no evidence of juror misconduct. Allegations
that the jury closely examined the evidence is not evidence of misconduct, to the contrary it is
evidence that the jury understood the gravamen of its duty. Accordingly, it is hereby
ORDERED, that defendant's motion pursuant to CPL § 330.30(2) is
DENIED in its entirety, and it is further
ORDERED, that sentencing will be scheduled forthwith.
Dated: February 13, 2026Ithaca, New YorkHon. Scott A. MillerTompkins
County Court Judge